Decided May 4, 1987

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | TRAFFIC CASE NO. 87-242 |
| Plaintiff, | ) ) | |
| vs. | ) ) | FINDINGS AND ORDER |
| MATHEW HIRIOCHI, | ) ) | |
| Defendant. | ) ) ) | |

This matter came on for hearing April 23, 1987, with respect to defendant's pre-sentence motion to determine the constitutional validity of defendant's prior conviction for driving while under the influence of alcohol. Defendant argues that at his prior DUI conviction he was denied the assistance of counsel in violation of his constitutional right.[1] Therefore, he contends that such conviction should not be considered at his present sentencing.

The court agrees with defendant's premise that if a prior conviction is constitutionally infirm, such conviction should not

---

[1] In a memorandum opinion previously entered in this case, the court ruled that an information need not allege a prior DUI conviction to call into play the enhanced penalty provision of 9 CMC § 7109(b) for repeat DUI offenders. The present hearing calls into question the constitutional validity of the defendant's prior DUI conviction.

be considered for purposes of the enhancement penalty under 9 CMC § 7109(b).

At issue here is whether defendant's right to counsel was denied him at his first DUI conviction by virtue of the failure of his prior counsel, a legal intern, to comply with the court rules governing representation of clients by legal interns. If so, does the failure amount to denial of counsel.

The facts elicited at the present hearing (with respect to defendant's prior DUI conviction) show that Rule 3.B. governing representation by legal interns was not adhered to. That Rule reads:

> "Before a legal intern will be authorized to appear in any case, there shall be signed and filed by the supervising attorney and the legal intern a written certification that the supervising attorney has discussed the case with the legal intern and that the legal intern is prepared and ready to appear and represent his or her client and that the client has been informed of the legal intern's status."

In the present case, it is clear that Rule 3.B. was not adhered to by defendant's previous counsel, a legal intern. The rules governing the limited representation by legal interns under the aegis of a supervising attorney is intended to ensure the adequacy of representation for the protection of the public served. This is extremely important, for the rules governing

legal interns are intended as a safeguard and assurance that defendant's constitutional rights, such as the right to counsel, are protected.

■ Here, no written certification was filed by the supervising attorney and the legal intern to show that they discuss²ᵈ the case at issue, and that the legal intern was ready to appear and defend. Further, there is no clear showing that defendant was informed of the legal intern's status for the former to intelligently decide whether he wants to be represented by a legal intern or not. The court thus finds that the failure to comply with Rule 3.B. constitutes a prima facie showing of lack of counsel and, therefore, defendant's constitutional right to counsel has been denied him. The language of Rule 3.B. is mandatory.

The evidence provided at the hearing to overcome the prima facie showing of lack of counsel failed to rise to a level which shows otherwise. Defendant's constitutional right was thus violated.

Based on the foregoing, therefore, the defendant's motion to not consider the defendant's prior DUI conviction at his present sentencing is hereby Granted. The defendant is ordered to appear May 8, 1987 at 10:00 a.m. for sentencing consistent with this decision.

The above is SO ORDERED.

Dated at Saipan, CM, this 4th day of May, 1987.

Jose S. Dela Cruz, Associate Judge